SENTRY INSURANCE A MUTUAL COMPANY, Plaintiff,

v.

PAUL McWHINNIE, Karen McWhinnie, Alexander Athanasiou, Caterina Raffa, Evelyn Scaringi, Remax Real Estate Center, Diane Cohen and NRT New England Inc. a/k/a Hunneman Real Estate Corp. A/k/a Coldwell Banker Residential Brokerage, Defendants.

Civil Action No. 07–10561–NMG.

United States District Court,
D. Massachusetts.

Sept. 21, 2007.

———

Wesley S. Chused, Looney & Grossman LLP, Boston, MA, for Plaintiff.

Timothy K. Cutler, Cutler and Associates, Maureen E. Lane, Richard J. Shea, Melick, Porter & Shea, LLP, Matthew L. Lunenfeld, Matthew T. Murphy, Casner & Edwards, LLP, Bradley A. Singer, Looney & Grossman LLP, Boston, MA, Joseph E. Phelan, Phelan Law Offices, P.C., Norwell, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff, an insurance company, has filed a motion for summary judgment in which it seeks a declaration that it owes its insured no duty to defend or indemnify with respect to a civil action pending in state court. The defendant insured opposes that motion and seeks a stay of the instant action pending resolution of the state court case. The motions are resolved as follows.

### I. *Background*

On March 23, 2007, Plaintiff Sentry Insurance A Mutual Company ("Sentry") filed a Complaint for Declaratory Judgment against Diane Cohen ("Cohen"), NRT New England Inc. ("NRT"), Paul McWhinnie and Karen McWhinnie ("the McWhinnies"), Alexander Athanasiou ("Athanasiou"), Caterina Raffa ("Raffa"), Evelyn Scaringi ("Scaringi") and REMAX Real Estate Center ("REMAX") (collectively, "the defendants").

Plaintiff Sentry provides homeowner's insurance for the McWhinnies who are currently defendants in a separate action pending in the Massachusetts Superior Court Department, Bristol County, arising out of the sale of their home in Easton, Massachusetts to defendants Athanasiou and Raffa ("the Underlying Action"). Athanasiou and Raffa allege in the Underlying Action that the McWhinnies failed to disclose information about a raucous neighbor when they sold them their house. Sentry has brought this action seeking a declaration that it has no duty to defend or indemnify the McWhinnies for the claims brought against them in Superior Court.

The other defendants in this case, including Athanasiou, Raffa and two real estate brokers, do not appear to have material interests at stake and have filed no subsequent pleadings in this matter.

## II. Pending Motions

On June 4, 2007, Sentry filed a motion for summary judgment (Docket No. 15). The McWhinnies oppose that motion but Sentry has filed a motion to strike the opposition as untimely (Docket No. 34). The McWhinnies have also filed a motion to stay this action until the state court case is resolved (Docket No. 19). That motion is opposed by the plaintiff.

### A. Motion for Summary Judgment

As grounds for its motion for summary judgment, Sentry contends that the policy issued to the McWhinnies does not cover the house with respect to which the McWhinnies are being sued. The McWhinnies sold a house to Athanasiou and Raffa located at 41 Dean Street, Easton, Massachusetts, on June 14, 2005. Sentry issued a homeowner's policy for the McWhinnie's new home located at 17 Chicatabut Avenue, Norfolk, Massachusetts,

with an effective date of June 14, 2005 ("the Policy").

After they were sued by Athanasiou and Raffa for certain misrepresentations regarding the sale of the home in Easton, the McWhinnies made a demand upon Sentry for coverage and a defense of the claims against them in the Underlying Action. To date, Sentry has provided a defense to the McWhinnies pursuant to a reservation of rights but contends that it is not obligated to provide any defense or indemnification under the Policy.

On its face, the Policy appears to cover only the property located at 17 Chicatabut Avenue in Norfolk. The Policy specifically applies to the "residence premises". The only address given for the McWhinnies is in Norfolk and nowhere is the Easton property referenced in the Policy. The Underlying Action concerns only the sale of the Easton property to Athanasiou and Raffa. It is apparent, therefore, that the Policy simply does not cover the Easton property and Sentry owes no duty of defense or indemnification to the McWhinnies for any loss arising out of their prior ownership of that property.

Sentry further contends that, even if the Policy were found to cover 41 Dean Street in Easton, it would not cover the kind of claims brought against the McWhinnies by Athanasiou and Raffa. The Policy covers accidents at the insured property resulting in "bodily injury" or "property damage". "Property damage" means "physical injury to, destruction of, or loss of use of the tangible property."

The alleged harm suffered by Athanasiou and Raffa in the Underlying Action falls into neither category. Athanasiou and Raffa contend that the McWhinnies misled them regarding the peace and tranquility of the neighborhood and have brought claims in state court for intentional misrepresentation, negligent misrepre-

sentation and breach of contract. None of those claims relate to any alleged "bodily injury" or "property damage" within the meaning of the Policy. Indeed, at least one Massachusetts court has held that, under an identical clause in a homeowner's policy, diminution of economic property value does not constitute "property damage" within the meaning of the policy. *See Vecchia v. Gage,* 11 Mass. L. Rep. 197, 1999 WL 1441960, 1999 Mass.Super. LEXIS 551 (Nov. 19, 1999).

On August 31, 2007, the McWhinnies filed an untimely, two-page opposition to Sentry's motion for summary judgment. In their opposition, the McWhinnies contend that the Underlying Action concerns the "personal conduct" of the McWhinnies on June 14, 2005, which allegedly caused "physical injury" to Athanasiou and Raffa, who claim to have lost sleep as a result of their noisy new neighborhood. No sensible reading of the Policy could possibly support such a strained interpretation and counsel for the McWhinnies makes only a half-hearted effort to convince the Court otherwise.

Even though Sentry clearly does not owe the McWhinnie's a duty to indemnify under the Policy, because the duty to defend is broader than the duty to indemnify, it has defended the McWhinnies up to this point subject to a reservation of rights. Counsel for the McWhinnies has, evidently, filed a motion for summary judgment in that action but Sentry understandably does not wish to incur any further costs in defense of the McWhinnies. Sentry's motion for summary judgment will, therefore, be allowed.

Sentry has filed a motion to strike the McWhinnie's opposition as untimely which will be denied as moot.

### B. McWhinnie's Motion to Stay

Rather than seriously argue that they are entitled to a defense and indemnifica-

tion under the Policy, the McWhinnies contend in both their opposition to Sentry's motion for summary judgment and in their separate motion to stay (Docket No. 19) that the Court should simply stay proceedings in this case until the Underlying Action is resolved. If the McWhinnies win on the pending summary judgment motion in the Underlying Action, they argue, Sentry will owe them no further obligation. Sentry should not, however, be forced to provide a defense to the McWhinnies for one additional day. The motion to stay will be denied.

### ORDER

The plaintiff's motion for summary judgment (Docket No. 15) is **ALLOWED,** the McWhinnies' motion to stay (Docket No. 19) is **DENIED** and the plaintiff's motion to strike (Docket No. 34) is **DENIED** as moot.

**So ordered.**